*294 OPINION of the Court, by
Ch. J. Boyte.-
— This *s an appeal from a judgment of the Christian circuit court, obtained on a motion by the principal sheriff a§a*ns^ deputy and others as his securities, for the to account for a part of the revenue tax of 1809. The whole evidence produced on the part of the appellee js contained in a bill of exceptions taken by the appefr and is objected to by them as being, 1st, incompetent, and 2dly, insufficient.
With respect to the first objection, a very minute in-vestigation does not appear important: lor in a case like the present, where the court decides both the fact and the law, and the whole evidence is spread upon the 1>ecor(j the admission of incompetent evidence cannot vitiate the judgment, provided there is sufficient competent evidence to support it j and if there be nota suitici-ency °f such evidence, the judgment must on that ground be reversed, although no incompetent evidence may have been admitted. It nifty however be remarked, 1st, the judgment obtained by the commonwealth against; tlte principal sheriff in the general court, was not admis-sible evidence against the deputy; because the latter not, bejng a party thereto is not bound by it, and because the statute which gives the remedy by motion to the sheriff against his deputy, makes the deputy equally li-an¿ to the same extent, whether the commonWealth has obtained a judgment against the principal or not. 2dly, That the auditor’s certificate of the amount 0f taxes was admissible evidence ; for the revenue law *295 fexpressly makes it evidence against the sheriff, and the Same law provides him a remedy against his deputy, “ under the saíne rules and regulations.”
mot¡un agamftthe de. P“iyand prindpa'/judgt mmt there..™ in the court be. bccaufe'^tSeré was no ev¡. dt"ce that the perfons fued Were fecurities-
That the .second objection is well founded, there can be no doubt The evidence is perhaps sufficient as it relates to the deputy himself, but it is wholly defective in relation to the other appellants, there being not a par-tide of testimony to shew that they were his securities,- and in the absence of all proof of that sort, it is perfectly clear that no judgment ought to be given against them.
The judgment must therefore be reversed with costs, and the cause remanded that new proceedings may be had not inconsistent with the foregoing opinion. ® o i